UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZI JUN LU, on behalf of himself, FLSA Collective Plaintiffs and Class members, <br><br> Plaintiffs, <br><br> v. <br><br> SING TAO NEWSPAPERS NEW YORK LTD. and ROBIN MUI, <br><br> Defendants. | Case No.: 13-CV-3244 (FB) <br><br> **STIPULATION** |

The parties, by and through their counsel of record, hereby stipulate and agree as follows:

WHEREAS, on June 6, 2013, Plaintiff Zi Jun Lu ("Plaintiff") filed a purported "Class and Collective Action Complaint" against Defendants Sing Tao Newspapers New York Ltd. and Robin Mui (collectively "Defendants") in the United States Eastern District of New York ("Complaint");

WHEREAS, on or about August 21, 2013, Defendants submitted a pre-motion conference letter concerning their anticipated motion to dismiss the Complaint; Plaintiff responded on or about August 27, 2013 and also submitted a pre-motion conference letter concerning his anticipated motion for conditional Fair Labor Standards Act ("FLSA") collective action certification; and Defendants responded to Plaintiff's August 27, 2013 pre-motion conference letter on or about August 30, 2013;

WHEREAS, on September 17, 2013, the Court ordered a pre-motion conference to be held on October 17, 2013, as well as an initial discovery conference to be held on October 15, 2013;

WHEREAS since mid-August 2013, the parties have discussed the issues submitted to

the Court in Defendants' August 21, 2013 pre-motion conference letter, and in Plaintiff's August 27, 2013 pre-motion conference letter;

WHEREAS Plaintiff desires to dismiss the purported Rule 23 class allegations and claims from the Complaint, and waive a jury trial of any remaining claim in exchange for Defendants' agreement that they will withdraw their pending motion to dismiss the Complaint, and agreement that conditional FLSA collective action notice may be issued as set forth herein;

WHEREAS neither Plaintiff nor his counsel of record nor counsel of record for Defendants have received any compensation or promises of compensation regarding this Stipulation;

WHEREAS, this Stipulation will not result in injury to absent putative class members who may continue to bring administrative or judicial claims on their own behalf;

WHEREAS, there has been no notice to the putative class of the lawsuit and no publicity of the present case, and therefore it is extremely unlikely that absent putative class members will have foregone filing claims against Defendants in reliance upon the present action.

IT IS HEREBY STIPULATED by the parties herein, through their counsel of record, as follows:

1. Plaintiff, through the entry of an Order by the Court approving this Stipulation, agrees to dismiss without prejudice any and all Federal Rule of Civil Procedure 23 purported class action allegations and remedies from the Complaint (including but not limited to Paragraphs 15 through 22), and agrees not to pursue any Rule 23 class claims against Defendants either as a named Plaintiff or Rule 23 class member;

2. Plaintiff, through the entry of an Order by the Court approving this Stipulation, agrees to limit the putative FLSA collective group as defined in Paragraph 12 of the Complaint

to Advertising Executives on or after the date that is three years before the filing of the Complaint, rather than six years before the filing of the Complaint;

3. Plaintiff, through the entry of an Order by the Court approving this Stipulation, agrees to dismiss his jury demand on page 14 of the Complaint, and agrees to waive his right to a jury trial for any claim;

4. To the extent Plaintiff files and serves a First Amended Complaint, Defendants' counsel agree to accept service of the First Amended Complaint;

5. The parties, through the entry of an Order by the Court approving this Stipulation, agree they will negotiate and finalize (within thirty (30) days after the Court approves this Stipulation) conditional FLSA collective action notice which will be sent, via first class mail, to all "non-exempt employees employed by Defendants as Advertising Account Executives in New York on or after the date that is three years before the filing the Complaint." Defendants do not waive and explicitly reserve the right to oppose FLSA collective action certification, or to seek decertification of conditional FLSA collective certification at a later date;

6. The parties, through the entry of an Order by the Court approving this Stipulation, agree that any Advertising Account Executive who opts-in to this litigation shall waive his or her right to a jury trial for any claim, and this waiver shall be explained to opt-in plaintiffs in the conditional FLSA collective action notice described in Paragraph 7;

7. The parties, through the entry of an Order by the Court approving this Stipulation, agree to mediate Plaintiff's claim, and any claim of any Advertising Account Executive who opts-in to this litigation, after completing discovery as to their individual claims;

8. Defendants agree to withdraw without prejudice their motion to dismiss the Complaint as described in their August 21, 2013 pre-motion conference letter submitted to the Court.

**SO STIPULATED.**

Dated: October 14, 2013
New York, New York

        **DUANE MORRIS LLP**

        */s/ Anthony J. Rao*
        Anthony J. Rao

        **DUANE MORRIS LLP**

        1540 Broadway
        New York, New York 10036
        Telephone: 212.692.1086
        Facsimile: 212 208 2575
        Email: arao@duanemorris.com

        *Attorneys for Defendants SING TAO NEWSPAPERS NEW YORK LTD. and ROBIN MUI*

Dated: October 14, 2013
New York, New York

        **LEE LITIGATION GROUP, PLLC**

        */s/ C.K. Lee*
        C.K. Lee

        **LEE LITIGATION GROUP, PLLC**

        30 East 39th Street, Second Floor
        New York, New York 10016
        Telephone: 212.465.1188
        Facsimile: 212.465.1181

        *Attorneys for Plaintiff ZI JUN LU and Opt-In Plaintiffs*